WALTER BISKUP, BY OSCAR BISKUP, HIS NEXT FRIEND, RESPONDENT,
v. HOMER A. HOFFMAN AND GEORGE BLUMEYER, APPELLANTS.*

St. Louis Court of Appeals.  Opinion filed June 22, 1926.

**1.—Appellate Practice—Demurrer to Evidence—Subsequent Introduction of Evidence—Rule.**  Where defendants did not stand upon demurrers to the evidence offered at the close of plaintiff's case, but introduced their own evidence, whether or not there was a case for jury must be determined in the light of all the evidence introduced.

**2.—Negligence—Golf—Caddy Injured—Ball Driven by Player's Guest—Evidence—Jury Question.**  In an action for damages for personal injuries sustained by plaintiff, a caddy, by being struck in the eye by a golf ball, negligence of the guest in striking the golf ball which injured the caddy of his host, while the caddy was proceeding ahead toward another ball driven by the host, in failing to give warning until after the ball had been struck, when he observed that the caddy was in the path of it, held a question for the jury.

**3.—Same—Degree of Care Exacted of Minor.**  The degree of care which the law exacts from a minor child is only that which, under like circumstances, would reasonably be expected from one of its years and intelligence.

**4.—Same—Contributory Negligence—Evidence—Jury Question.**  Contributory negligence of a caddy, injured by a golf ball struck by defendant while caddy was going ahead for a ball driven by host of defendant, held, insofar as such issue was supported by the evidence, a question for the jury.

**5.—Master and Servant—Golf—Caddy in General Service of Golf Club—Servant of Player Served.**  Although a caddy was in the general service of the golf club, nevertheless, with respect to particular work, he may be trans-

(542)

ferred with his own consent or acquiescence to the service of a third party, and, when he was transferred to the service of a golf player, he became the servant of the player with all the attendant legal consequences of the new relation.

6.—Same—Same—Caddy Injured—Ball Driven by Player's Guest—Duty of Player to Warn Caddy of Danger. Where a golf player knew that his guest intended to drive a ball and that his caddy was in a position where he might reasonably have been expected to have been struck if the ball were driven inaccurately, it became the player's duty to warn the caddy, who was only five feet from him, of the danger to be incurred, and the more so when the caddy's youth is taken in consideration.

7.—Same—Timely Warning of Danger—Evidence—Jury Question. Whether a golf player called "Fore" when guest struck a ball which injured player's caddy and, if so, whether his warning was timely, were questions for the jury.

8.—Appellate Practice—Submitting Case to Jury Upon Instruction on Measure of Damages Alone—No Exception—Cannot Complain on Appeal. Defendants cannot be heard to complain, on appeal, that the trial court committed error in submitting plaintiff's case to the jury upon an instruction upon measure of damages alone where such action of the court was not made a matter of exception below.

9.—Instructions—Failure to Ask Instruction Setting Forth Facts Entitling Plaintiff to Recover—Condemned—Not Reversible Error. While the act of plaintiff's counsel in declining to ask an instruction setting forth the facts entitling plaintiff to recover has been repeatedly condemned, it is not reversible error.

10.—Same—Civil Cases—Non-Direction—Court Owes No Duty. In a civil action the court does not owe a duty to either party to give instructions either on its own initiative or in lieu of those refused.

11.—Master and Servant—Assumption of Risk—Doctrine Stated. The doctrine of assumption of risk is contractual in its nature, and rests upon an agreement of a servant with its master, ordinarily implied, that the master shall not be liable for any injury to the servant resulting from the ordinary and usual risks and perils incident to the nature of the employment.

12.—Instructions—Assumption of Risk—Negligence of Player—Caddy Injured—Not Employed by Golf Player Who Caused Injury—Instruction Properly Refused. The refusal of an instruction submitting the defense of assumption of risk on the part of the caddy held proper where the caddy injured was not employed by the golf player who caused the injury, and furthermore, even if the instruction were otherwise appropriate, the fact that there was evidence of player's negligence would be sufficient justification for its refusal.

13.—Same—Commenting on Detached Portion of Evidence—Instruction Properly Refused. An instruction to the effect that the mere fact that player struck the golf ball, and that, as a result thereof, the caddy was injured, was not sufficient in itself to entitle caddy to a verdict against player, was properly refused as being an unwarranted comment on a detached portion of the evidence.

14.—Same—Golf—Caddy Injured—Accident. Refusal of an instruction that if the jury found that caddy's injuries were the result of a pure accident unmixed with any negligence on the part of golf player, the verdict should be for him, held not error where the evidence disclosed that caddy's injuries were attributable either to defendants' negligence alone, or to defendants,' together with the contributory negligence of caddy.

**15.—Same—Abstract Propositions of Law—Refusal of Instruction Harmless.** Refusal of an instruction that golf player owed host's caddy the duty of exercising ordinary care in striking the ball and that his duty toward caddy was no greater or less than toward any other person upon the golf links, although, as an abstract proposition of law, the instruction was correct, **held** its refusal was harmless for the reason that it would have afforded the jury no aid in determining the issues involved.

**16.—Appellate Practice—Assignment of Error That Court Erred in Overruling Motion for New Trial—Presents Nothing for Review.** An assignment of error merely stating that the court erred in overruling defendants' motion for a new trial, **held** such an assignment presents nothing for review in the appellate court.

**17.—Master and Servant—Instructions—Golf—Player Not Employer of Minor Caddy Engaged by Golf Club so as to Require Permit Under Statute—Requested Instruction Presenting Such Issue Refused—Reversible Error.** Where a golf player was assigned a caddy under fourteen years of age, who had not been specially engaged by him, and who during times not engaged in service of members, was under the control of golf club, player **held** not an "employer" of the caddy under section 5, p. 185, Laws of 1921, so as to require a permit certificate for the caddy from the superintendent or principal of the public school of the district where he resides, and hence the refusal of an instruction requested by defendant to the effect that defendant was not the employer of plaintiff within the meaning of such act, was reversible error.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 849, n. 13; p. 919, n. 34; p. 1391, n. 14; 4CJ, p. 1049, n. 83; Master and Servant, 39CJ, p. 276, n. 44 New; p. 298, n. 25; p. 512, n. 29 New; p. 687, n. 48; p. 1168, n. 78; p. 1170, n. 79; p. 1182, n. 77; p. 1227, n. 45; Negligence, 29Cyc, p. 537, n. 57; p. 636, n. 72; p. 642, n. 26; Trial, 38Cyc, p. 1549, n. 45; p. 1647, n. 13; p. 1691, n. 45; p. 1709, n. 4.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Frank Landwehr, Judge.

AFFIRMED AS TO DEFENDANT HOFFMAN.

REVERSED AND REMANDED AS TO DEFENDANT BLUMEYER.

*Leahy, Saunders & Walther* for appellant Hoffman.

(1) There was not sufficient evidence of negligence on the part of defendant Hoffman to take the case to the jury, and the court should have sustained his demurrer to the evidence and directed the jury to return a verdict in his favor at the close of plaintiff's case and at the close of the whole case. (2) Plaintiff was guilty of contributory negligence as a matter of law and the court should have directed a verdict for defendant Hoffman. (3) Considering the case most favorably for plaintiff it was one of pure accident, unmixed with negligence on the part of defendant Hoffman, and the court should have given instruction No. 3 requested by defendant Hoffman. Under the evidence the risk of being struck by a hooked ball, such

as that which struck plaintiff, was a risk ordinarily incident and
ever present to one engaging in a game of golf, or to one employed
as a caddy and plaintiff assumed such risk in acting as a caddy.
Toohey v. Webster, 117 Atl. 838, 23 A. L. R. 443; Feary v. Street
Railway Co., 162 Mo. 99.  (4)  The court erred in refusing to give
defendant Hoffman's instruction No. 3. If, under the evidence, the
hooking of the ball was a pure accident, so that defendant Hoffman
could not reasonably have anticipated that it would veer so sharply
from the intended line of flight, he could not be held liable, and this
instruction should have been given.  Feary v. Street Railway Co.,
162 Mo. 99.

*Grimm & Grimm* and *Norman Begeman* for appellant Blumeyer.

(1)  There was no evidence of any negligence on the part of de-
fendant Blumeyer unless he could be held guilty of negligence on the
ground that he employed a boy under the age of fourteen in viola-
tion of the statute.  (2)  But even though there were evidence of
negligent failure to warn or a negligent order, the amended petition
charges as distinct acts of negligence the violation of sec. 1106, R. S.
1919, and Laws of Mo. 1921, p. 184, so that these assignments of
negligence are in the case:  (3)  But sec. 1106, R. S. 1919, and the
entire article of which it forms a part were expressly repealed by
Laws of Mo. 1921, p. 184.  But if it had not been repealed in terms it
would have been repealed by implication.  Maret v. Hough, 185 S.
W. 544.  (4)  The defendant Blumeyer did not violate any provi-
sion of the Act of 1921 (Laws Mo. 1921, p. 184 et seq.), since he did
not employ the plaintiff, who was the employee of the Sunset Hill
Country Club within the meaning of the Act of 1921.  Claremont
Country Club v. Industrial Com., 174 Calif. 394; Indian Hill Country
Club v. Industrial Com., 309 Ills. 271; Gaines v. Bard, 57 Ark. 615;
Quarman v. Burnett, 6 Mees. & W. 499; Sluder v. Transit Co., 189 Mo.
139 et seq.; 1 Labatt, Master & Serv., secs. 19, 52, 61.  (5)  The em-
ployment of plaintiff in violation of the statute was negligence, but
this is not of itself sufficient to warrant a recovery.  There must be
a causal connection between the negligence alleged and the injury
to plaintiff.  Here there is wanting such causal connection.  See Act
of 1921, p. 184 et seq.; Lindell v. Stone, 77 N. H. 583; Boesel v.
Wells Fargo & Co., 260 Mo. 463; Platt v. Ludlow, 227 S. W. 899;
Roper v. Greenspon, 192 S. W. 149; 4 Labatt, Master & Serv., 4756,
sec. 157a & note; Stagg v. Weston, 169 Mo. 497; Mylett v. Montrose,
Co., 211 Mo. App. 97.  (6)  The fact that Blumeyer had temporary
control over plaintiff did not make him the employer within the
meaning of the statute.  Gaines v. Bard, 57 Ark. 615; Ames v. Jor-
dan, 71 Me. 540; Sluder v. Transit Co., 189 Mo. 139.

John F. Gillespie and Joseph A. Broderick for respondent.

(1) Defendant Blumeyer employed plaintiff within the meaning of section 1106, R. S. 1919, and Laws of 1921, page 185. (2) Laws of 1921, page 185, does not repeal section 1106, R. S. 1919, because it does not expressly repeal it and is not inconsistent with it. (3) Plaintiff's employment by defendant Blumeyer, in violation of the statute, was negligence. Bright v. Sammons, 214 S. W. 425; Mylett v. Montrose, 211 Mo. App. 635, 249 S. W. 97. (4) Plaintiff was injured by a risk due to the illegal employment, and therefore the employment was the proximate cause of the injury. Bright v. Sammons, 214 S. W. 425; Mylett v. Montrose, 211 Mo. App. 635, 249 S. W. 97. (5) Defendant Blumeyer was negligent in taking plaintiff into a position of danger and in failing to warn him. (6) The failure of plaintiff to ask instructions is not error. Roemer v. Wells, 257 S. W. 1056; Wingfield v. Wabash Railroad, 257 Mo. 347, 166 S. W. 1037; Williams v. Columbia Taxicab Co., 241 S. W. 970; Meyers v. Atlas Portland Cement Co., 260 S. W. 778. (7) Appellants did not except to plaintiff's failure to ask an instruction on the whole case nor the court's failure to give an instruction on the whole case, and they cannot now complain of it. Hayes v. Sheffield Ice Co., 282 Mo. 446, 221 S. W. 705. (8) Appellants had the right to examine the court's instructions before they were read to the jury and to ask any other or further instructions they desired after such an examination. (9) The evidence shows that defendant Hoffman struck the ball when he knew that plaintiff was in a position where he might be struck, and when he further knew that the ball might not go in the direction he intended it to, but might strike plaintiff, and that he failed to give timely warning. (10) Appellant Blumeyer was negligent in failing to warn plaintiff when he saw Hoffman about to shoot, and plaintiff, who was watching Blumeyer's ball, as was his duty, was in a position where he might be struck. (11) In considering a demurrer to the evidence all reasonable inferences in favor of plaintiff must be drawn. (12) The court did not commit any error in refusing instructions offered by defendant Blumeyer and refused by the court. (13) The question of contributory negligence was for the jury. Jackson v. Butler, 249 Mo. 342, 155 S. W. 1071. (14) The court did not commit error in refusing instructions offered by defendant Hoffman and refused by the court.

BENNICK, C.—This is an action for damages for personal injuries sustained by plaintiff by being struck in the eye by a golf ball driven by defendant Hoffman, a guest of defendant Blumeyer, on the golf course of the Sunset Hill Country Club, which was originally a

defendant in this action.  At the close of his case plaintiff dismissed
as to Sunset Hill Country Club.  The verdict was for plaintiff and
against defendants Hoffman and Blumeyer in the sum of $6000, and
judgment was rendered thereon, from which both of such defendants
have appealed.

The negligence charged against defendants was as follows:

"Plaintiff states that defendant Blumeyer was negligent in this,
to-wit, that, in violation of law and the Statutes of Missouri, he em-
ployed, permitted and suffered plaintiff to work in said gainful oc-
cupation while he was under the age of fourteen years, and without
requiring plaintiff to have, and while plaintiff did not have, a per-
mit certificate issued by the principal of the public school district
wherein he resided, or by any person appointed by an order of the
Board of Education of the city of St. Louis, Missouri, wherein he
resided; that defendant Blumeyer knew, or by the exercise of ordi-
nary care should have known, that defendant Hoffman was an inex-
perienced and unskillful player, and liable to hit the ball in a direc-
tion other than that which plaintiff had reason to believe it would be
hit, as aforesaid; and defendant Blumeyer knew, or by the exercise
of ordinary care should have known, that, in view of the said unskill-
fulness and experience of said Hoffman, plaintiff was liable to be
struck and injured in the position where he was, as aforesaid; that
defendant Blumeyer was a man of mature age and judgment, and an
experienced golf player, and plaintiff was under his direction and
control, and lacked such age, experience, judgment and knowledge of
said Hoffman's inexperience and unskillfulness, and defendant Blu-
meyer should have warned plaintiff of the danger of his said posi-
tion, and should have instructed plaintiff to take a position where he
would be safe, and not exposed to the said danger, but that said de-
fendant Blumeyer negligently and carelessly failed to so warn or
instruct plaintiff.

"Plaintiff states that defendant Hoffman was negligent in this,
to-wit, that he knew, or should have known, that he was an inexpe-
rienced and unskillful player, and unable to drive the ball where it
should have been driven, as aforesaid; and that, if he drove said ball
while plaintiff was in the position aforesaid, it would be liable to
strike plaintiff; and he saw, or by the exercise of ordinary care should
have seen, plaintiff in said position; and knew, or by the exercise of
ordinary care should have known, that plaintiff was in danger of
being struck by the ball in said position and should have warned
plaintiff of said danger, and should not have driven the ball while
plaintiff was in said position, and should not have driven the said
ball directly toward, against, at, and upon plaintiff, and should not
have driven said ball without sufficiently warning plaintiff of his in-
tention so to do, and of the danger to plaintiff of being so struck by

said ball, and said defendant negligently and carelessly failed to warn plaintiff, as aforesaid, and negligently and carelessly drove said ball toward, against, at, and upon plaintiff, as aforesaid.''

The answer of defendant Blumeyer was a general denial, coupled with a plea of contributory negligence.

The answer of defendant Hoffman was a general denial, coupled with pleas of contributory negligence and assumption of risk.

Plaintiff's reply to each answer was conventional.

Plaintiff was injured on July 4, 1922, and was twelve years of age at the time. He had served as a caddy at the Sunset Hill Country Club on Saturdays and Sundays for one and one-half years before his injury was received.

The evidence disclosed that it was the duty of a boy desiring employment as a caddy to report to the caddy master at the club, although he was not required to report at any particular time or on any particular day. The caddy master made regulations concerning the character of boys who might caddy and was in control over them while they were at the caddy house. He also gave the boys general instructions as to their duties as caddies. When a member of the club desired the services of a caddy, he applied at the caddy house and a boy was assigned to him by the caddy master. There was no particular order or system for such assignments. If the member did not want the boy assigned to him, he could ask for another, and the caddy was not required to serve a member unless it was agreeable to him. It was also permissible for a member to arrange in advance with the caddy for his services on any particular occasion.

As soon as the caddy was assigned to a member, it became his duty to report at No. 1 tee, and thereafter carry the member's bag of clubs, and, when the ball was driven, keep his eye on it and locate it for the player. The caddy stayed with the member for whom he was working, and never ran ahead of him, unless he was directed so to do. It was the caddy's duty to follow all instructions given him by the member to whom he was assigned.

The caddies received no pay during the time they were waiting at the caddy house, but as soon as one was assigned to a member he was given a ticket bearing the member's name and the ticket was then stamped in a clock on the coure, and was signed by the member and began. As soon as his services were completed, the ticket was again stamped in a clock on the course and was signed by the member and given to the caddy, who in turn delivered it to the caddy master. The boys were paid at the rate of thirty cents per hour, and at the end of the week they were given their pay envelopes, and the amounts due as shown by the several tickets were charged against the accounts of the respective members who had used the caddy during the week. In some instances the member himself paid the caddy at the end of the game.

On the day in question plaintiff was assigned to defendant Blumeyer, who had been a member of the Sunset Hill Country Club for ten years. Hoffman was Blumeyer's guest. Throughout the game, Hoffman, although he had been playing golf for approximately three years, had been shooting poorly. Seventeen holes were played without mishap. Hoffman drove from the seventeenth tee for a distance of about 120 yards, his ball stopping in the center of the fairway. Blumeyer then drove 100 feet farther than Hoffman, but landed in the rough to the left of the fairway. Both defendants and the caddies walked together from the tee in the directions in which the balls had gone, Hoffman and his caddy stopping at Hoffman's ball, and Blumeyer and plaintiff proceeding on towards the point where Blumeyer's ball lay. When they were yet twenty-five feet from the ball, plaintiff, hearing Hoffman call the warning cry "Fore," turned to look towards him, and was instantly struck in the right eye by the ball, which Hoffman had hit at such speed that plaintiff did not have time to dodge it. Hoffman's ball swerved sharply towards the left in its flight.

There is some dispute in the evidence as to when Hoffman called "Fore." His caddy testified that it was during his up-stroke, and that immediately thereafter he struck the ball. Hoffman himself testified that before striking the ball he called to Blumeyer to watch its flight, and that, while the ball was in the air, he called "Fore," when he observed plaintiff in the path of it. Hoffman's request to Blumeyer to keep an eye on the ball was not heard by plaintiff. Blumeyer testified that he himself called "Fore" just before Hoffman struck the ball.

Plaintiff testified that Blumeyer gave him no directions as to where he should stand or what he should do as they proceeded away from Hoffman towards the point where Blumeyer's ball was lying. At the time plaintiff was struck, he was fifty feet from the center, and at the edge of the fairway, and was about five feet from Blumeyer.

It was disclosed that the ball, when struck, often flies in a different course from that intended, and that, when it flies to the right, it is called a slice, and to the left a hook; that all players both hook and slice the ball quite frequently, although experienced players are less prone to do this than inexperienced ones. It was also shown that it is customary for a golf player before driving to call "Fore" when some other person is in the direction in which he intends to send the ball, or in which the ball might be carried if struck inaccurately, or if diverted from its course by the wind, and that, when a player calls "Fore" others who may be on the links look towards him to determine his location, and then turn their backs towards him while he drives so as to avoid being struck in the face by the ball.

It was not disputed that on the day when he was injured school was not in session, and that plaintiff had no certificate permitting him to be employed at such work.

Both defendants assign as error the action of the court in overruling their separate demurrers to the evidence offered at the close of plaintiff's case.  However, inasmuch as they did not stand upon such demurrers, but introduced their own evidence, whether or not there was a case for the jury must be determined in the light of all the evidence introduced, and, accordingly, the correctness of the court's ruling on the last demurrer (also assigned as error) is the only point to be reviewed.  [Canty v. Halpin, 294 Mo. 96, 242 S. W. 94; Larkin v. Wells (Mo. App.), 278 S. W. 1087; Smiley v. Jessup (Mo. App.), 282 S. W. 110; Curtois v. American Car & Foundry Company (Mo. App.), 282 S. W. 484; Gray v. Union Elec. L. & P. Co. (Mo. App.), 282 S. W. 490.]

The charge of negligence against defendant Hoffman is that he drove his ball towards plaintiff without warning him.  Plaintiff, as was his duty, had proceeded on beyond Hoffman towards the point where Blumeyer's ball lay, and was yet twenty-five feet from his destination, and at the edge of the fairway, when injured.  The evidence disclosed that it was customary for a golf player before driving to call "Fore" when some other person was in the direction in which the ball was to be driven, or in which it might be carried if struck inaccurately, as often happened, or if diverted from its course by the wind, and that, when such warning cry was given, the others on the links would look towards the one about to drive to determine his location and thereby the point to which it was his intention to drive the ball, and then turn their backs towards him so as to avoid being hit in the face by the ball when driven.  According to the testimony of Hoffman himself, of which, on demurrer, plaintiff must be given the benefit, such warning was not given until after the ball had been struck, when he observed that plaintiff was in the path of it.  Under such circumstances we think it was clearly for the jury to determine whether or not defendant Hoffman's conduct was such as to meet the test of ordinary care.  [Toohey v. Webster, 97 N. J. L. 545, 117 Atl. 838, 23 A. L. R. 440.]

Defendant Hoffman makes the further contention that his demurrer should have been sustained, for the reason that plaintiff was guilty of contributory negligence as a matter of law.  However, we find no merit in this contention.  Viewing the evidence in the light most favorable to plaintiff, it appears that he was walking in the path where duty called him, and that he, in turning to look towards Hoffman when the warning cry of "Fore" was heard, was but doing what was customary for any one on the links to do under such circumstances.  We are mindful, too, that plaintiff was only twelve years of age, and that the degree of care which the law exacts from a

child is only that which under like circumstances would reasonably be expected from one of its years and intelligence. [Burger v. Mo. Pac. R. Co., 112 Mo. 238, 20 S. W. 439; Spillane v. Mo. Pac. R. Co., 111 Mo. 555, 20 S. W. 293; Anderson v. Union Ter. R. Co., 161 Mo. 411, 61 S. W. 874; Deschner v. St. L. & M. R. R. Co., 200 Mo. 310, 98 S. W. 737; Jaquith v. Plumb (Mo.), 254 S. W. 89; Koelling v. Union Fuel & Ice Co. (Mo. App.), 267 S. W. 34; Plate v. Ludlow-Saylor Wire Co. (Mo. App.), 227 S. W. 899; Mann v. M. K. & T. R. Co., 123 Mo. App. 486, 100 S. W. 566.] We are of the opinion, therefore, that plaintiff was clearly not guilty of contributory negligence as a matter of law, and that, in so far as such issue was supported by the evidence, it was a question for the jury.

The charge of negligence against defendant Blumeyer proceeds upon two theories: First, That he was negligent in that he employed plaintiff as his caddy, in violation of the statute prohibiting the employment of a child under the age of fourteen years when the school of the district in which such child resides is not in session, unless such child shall have a permit certificate issued in the manner directed by law; and, second, that he negligently failed to warn plaintiff of the danger of being struck by the ball to be driven by Hoffman. The greater part of defendant Blumeyer's brief is taken up with the argument that he was not guilty of a violation of the statute, for the reason that plaintiff was the employee of the Sunset Hill Country Club within the meaning of such Act, and in support thereof he relies upon the cases of Claremont Country Club v. Industrial Com., 174 Calif. 395, 163 Pac. 209, and Indian Hill Country Club v. Industrial Com., 309 Ill. 271, 140 N. E. 871. We shall have occasion later in the opinion to discuss the effect of the statute upon the case.

But, even if plaintiff were in the general service of the Sunset Hill Country Club (as learned counsel contend), it does not follow that during the progress of the game there was no duty resting upon Blumeyer to exercise ordinary care for plaintiff's safety. During the time he was serving as caddy for Blumeyer, plaintiff was under his directions, and was obliged to follow all his instructions. Blumeyer was not required to accept him in the first place, and, if his services proved unsatisfactory, it was within Blumeyer's rights to discharge him. The wages plaintiff received for his services were carried as a charge against Blumeyer's account and, consequently, the facts as to the relationship existing between plaintiff and defendant Blumeyer were such as to bring this case squarely within the rule that, although one may be in the general service of another, nevertheless, with respect to particular work, he may be transferred with his own consent or acquiescence to the service of a third party, so that in the performance of such duties he becomes a servant of the third party with all the attendant legal consequences of the

new relation. [Holloway v. Schield, 294 Mo. 512, 243 S. W. 163; Karguth v. Donk Bros. Coal & Coke Company, 299 Mo. 580, 253 S. W. 367; Winkleblack v. Great Western Mfg. Co. (Mo. App.), 187 S. W. 95; Grothmann v. Hermann (Mo. App.), 241 S. W. 461; Wilcox v. Kansas City W. R. Co., 201 Mo. App. 510, 213 S. W. 156; Healy v. Wrought Iron Range Company, 161 Mo. App. 483, 143 S. W. 549.]

Blumeyer was a mature and experienced man, and knew that Hoffman had been shooting very poorly. Furthermore, it must be inferred that he was aware that any player was apt to hook the ball at any time. He knew that Hoffman was about to drive, because Hoffman had requested him to watch the flight of the ball, which information plaintiff did not possess. Plaintiff was only five feet from him, and was in a position where he might reasonably have been expected to have been struck if the ball were driven inaccurately. Accordingly, it became Blumeyer's duty to warn plaintiff of the danger to be incurred, and the more so, when plaintiff's youth is taken into consideration. That Blumeyer recognized such duty at the trial of the case is shown by his testimony that he called "Fore" just before Hoffman struck the ball. However, plaintiff's evidence discloses that the only warning he heard was that given by Hoffman, and accordingly, whether Blumeyer called "Fore," and, if so, whether his warning was timely, were questions for the jury.

The point is made by both defendants that the court committed error in submitting plaintiff's case to the jury upon an instruction on the measure of damages alone. The fact that such action of the court was not made a matter of exception below is a sufficient answer to this contention. However, apart from this, while the act of counsel in declining to ask an instruction setting forth the facts entitling plaintiff to recover has been repeatedly condemned, it has been held not to be reversible error. [Eversole v. Wabash R. Co., 249 Mo. 523, 155 S. W. 419; Wingfield v. Wabash R. Co., 257 Mo. 347, 166 S. W. 1037; McDonald v. United Railways Company, 211 Mo. App. 149, 245 S. W. 559; Roemer v. Wells (Mo. App.), 257 S. W. 1056.] Nor in a civil action does the court owe a duty to either party to give instructions, either on its own initiative or in lieu of those refused. [Powell v. Union Pac. R. Co., 255 Mo. 420, 164 S. W. 628; Ternetz v. St. Louis Lime & Cement Co. (Mo.), 252 S. W. 65; Eddings v. Childress (Mo. App.), 253 S. W. 130; Williams v. Columbia Taxicab Company (Mo. App.), 241 S. W. 970.]

Defendant Hoffman assigns as error the action of the court in refusing his requested instructions numbered 1, 2, 3, and 4. The first submitted the defense of assumption of risk. This instruction was correctly refused, for the reason that Hoffman was not the employer

of plaintiff. The doctrine of assumption of risk is contractual in its nature, and rests upon an agreement of a servant with his master, ordinarily implied, that the master shall not be liable for any injury to the servant resulting from the ordinary and usual risks and perils incident to the nature of the employment. Furthermore, even if the instruction were otherwise appropriate, our holding that there was evidence of Hoffman's negligence would be sufficient justification for its refusal.

The second instruction was to the effect that the mere fact that Hoffman struck the golf ball, and that as a result thereof plaintiff was injured, was not sufficient in itself to entitle plaintiff to a verdict against Hoffman. Plaintiff did not rely for recovery upon the mere fact that Hoffman struck the ball, and that as a result thereof he was injured, and, accordingly, this instruction was properly refused as being an unwarranted comment on a detached portion of the evidence. [Keppler v. Wells (Mo.), 238 S. W. 425; Littig v. Urbauer-Atwood Heating Company, 292 Mo. 226, 237 S. W. 779.]

By instruction No. 3 Hoffman sought to have the jury instructed that, if they found that plaintiff's injuries were the result of a pure accident unmixed with any negligence on the part of Hoffman, the verdict should be for him. The evidence disclosed that plaintiff's injuries were attributable either to defendants' negligence alone, or to defendants' negligence, together with the contributory negligence of plaintiff, and therefore it was not error to refuse this instruction. [Head v. Leming Lumber Company (Mo.), 281 S. W. 441; Beard v. Mo. Pac. R. Co., 272 Mo. 142, 197 S. W. 907; Turnbow v. Dunham, 272 Mo. 53, 197 S. W. 103; Dietzman v. St. Louis Screw Company, 300 Mo. 196, 254 S. W. 59; Bethurkas v. Chic. M. & P. R. Co. (Mo. App.), 249 S. W. 438; Lamar v. Morton Salt Company (Mo. App.), 242 S. W. 690.]

Instruction No. 4 provided that Hoffman owed plaintiff the duty of exercising ordinary care in striking the ball, and that his duty towards plaintiff was no greater or less than toward any other person upon the golf links, and that the fact that plaintiff was serving as caddy for Blumeyer did not impose upon Hoffman the duty to exercise more than ordinary care. As an abstract proposition of law this instruction was correct, but its refusal was harmless, for the reason that it would have afforded the jury no aid in determining the issues involved. [Edwards v. Lee, 147 Mo. App. 38, 126 S. W. 194; Morton Electric Company v. Schramm (Mo. App.), 277 S. W. 368; Wilsch v. Gleiforst (Mo. App.), 259 S. W. 850.]

Defendant Hoffman's last assignment is that the court erred in overruling his motion for a new trial. It has been held that such an assignment presents nothing for review in the appellate court. [Pfotenhauer v. Ridgway, 307 Mo. 529, 271 S. W. 50; Cavanaugh v. Dyer, (Mo. App.), 215 S. W. 481.]

Defendant Blumeyer assigns as error the action of the court in refusing his requested instruction No. 1. This instruction is as follows:.

"If the jury find and believe from the evidence that, at the time he claims to have been injured, plaintiff had acted as caddy at the Sunset Hill Country Club; that, as such, he was under the jurisdiction of the caddy master or assistant caddy master of said club, and was assigned by one or the other of these from time to time to members of the club, or their guests, desiring the services of a caddy; and if you further find and believe from the evidence that plaintiff, at said time, had been assigned, either by the caddy master or his assistant, to act as caddy for the defendant Blumeyer; that the defendant Blumeyer had not specially engaged the services of plaintiff, and had no part in the selection or designation of plaintiff to act as his caddy, and that he exercised no control or authority over the plaintiff other than to give him such directions as were incident to his services as caddy during the progress of the game of golf in which the defendant Blumeyer was engaged in playing at the time, if you find he was so engaged, then the defendant Blumeyer cannot be charged with negligence in employing, permitting, or suffering plaintiff to work as a caddy under the age of fourteen (14) years without requiring plaintiff to have, or while plaintiff did not have, a permit certificate issued by the principal of the public school district wherein he resided, or by any person appointed by an order of the Board of Education of the city of St. Louis."

The matter of the employment of minors is controlled by the provisions of the Act of 1921 (Laws 1921, page 184, et seq.), and Blumeyer argues that he did not violate the same, inasmuch as he was not the employer of plaintiff within the meaning of such Act. After a most careful consideration of this question, we have arrived at the conclusion that the contention in this respect is correct, and that the refusal of the above instruction was error.

Section 5 of the Act, which controls in the case at bar, provides that no child under the age of fourteen years shall be employed at any gainful occupation when the school of the district in which such child resides is not in session, unless such child shall have a permit certificate, which the Act later provides shall be issued by the superintendent or principal of the public school of the district wherein such child resides, or by some person appointed by an order of the board of directors, board of education, or the body having local supervision of public schools, entered of record. It is further provided that the employer of such child shall take and preserve on file the labor permit and shall keep posted in a conspicuous place in the factory or place where such child works a list of all children who are laboring under and by virtue of labor permits, and that all such cer-

tificates shall be subject to the inspection of the State Industrial Inspector, who may cancel any such labor permit for cause.

Although we have held above that the relationhip existing between plaintiff and Blumeyer during the progress of the game was such as to impose certain legal obligations upon Blumeyer to exercise ordinary care for plaintiff's safety, we do not think that he was plaintiff's employer within the meaning of the statute. Of course, Blumeyer might have brought his own caddy to the grounds, in which event our conclusion would be different, but such is not the case here. Plaintiff was waiting at the caddy house under the supervision of the caddy master, by whom regulations concerning the character of boys who might caddy were made and by whom general instructions as to their duties as caddies were given. Plaintiff's own testimony is that he was assigned to Blumeyer. We concede that Blumeyer was not required to accept him, nor was plaintiff compelled to serve; but, if such contingency had arisen, plaintiff would merely have remained at the caddy house subject to further assignment. After the beginning of the play, Blumeyer might have discharged plaintiff from his service, in which event plaintiff would have returned to the caddy house, and such discharge would not have prevented plaintiff from serving as caddy for any other member to whom he might later have been assigned.

The evidence disclosed that the caddies were paid thirty cents an hour for their work, and we think it is reasonably to be inferred that such wage scale was regulated by a rule of the club. Furthermore, while it was shown that the amount paid the boy by the club at the end of the week was charged against the member who had obtained his services, we think it is also to be reasonably inferred that the boy would have received his pay from the club whether the account due from the member were collected or not, in view of the testimony of Mr. Broyer, Assistant Secretary and Manager of the club, that "we make up our accounts against our members once a month, and we try to collect what they owe."

The requirements of the Act show the fallacy in the argument that Blumeyer was the employer of plaintiff. If a permit certificate had been duly issued to plaintiff, where would Blumeyer have preserved it on file, and in what conspicuous place should he have posted it so that it might have been subject to the inspection of the State Industrial Inspector? Furthermore, if plaintiff, after his one or two hours of service to Blumeyer had been completed, had been assigned as caddy to some other member, should that member also have filed his certificate, and, if so, where? In fact, if plaintiff were engaged at all in a gainful occupation within the meaning of the Act, his occupation was that of a caddy, and he was none the less a caddy while he was waiting for assignment at the caddy house under the control of, and

accepting instructions as to his duties from, the caddy master than he was when actually engaged in carrying the bag of clubs for some member on the links. Accordingly we are inclined to agree with the conclusion of the Supreme Court of California in the Claremont Country Club case (1. c. 398) that the fact that the caddy, during all the time when he was not actually in the service of a member, was under the control of the club is determinative in the matter and that it is unimportant that the service which the caddy renders happens from its nature to be directed to contribute to the convenience and pleasure of the individual members of the club.

. Other errors assigned by defendant Blumeyer may not arise upon a retrial of the case. The Commissioner recommends, therefore, that the judgment as to defendant Hoffman be affirmed, and as to defendant. Blumeyer be reversed and the cause remanded, the judgment against defendant Hoffman, however, to be held in abeyance until the controversy is finally determined between plaintiff and defendant Blumeyer, and that thereupon judgment be rendered completely disposing of the cause and of all parties thereto. [Miners' & Merchants' Bank of Flat River v. Richards (Mo. App.), 273 S. W. 415.]

. PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed as to defendant Hoffman, and reversed and remanded as to defendant Blumeyer. *Daues, P. J.,* and *Nipper, J.,* concur; *Becker, J.,* not sitting.