JOHN CLIFFORD SIMPSON, an Infant, by A. C. N. THOMPSON, His Guardian ad Litem, Respondent, *v.* TEUNIS S. FIERO, Appellant.*

Second Department, November 11, 1932.

* Affd., 262 N. Y. ——.

*J. Allan Ballman*, for the appellant.

*George F. Roesch*, for the respondent.

HAGARTY, J. The plaintiff, a boy eleven years of age, while acting as a caddy, but not in the service of the defendant, was struck and seriously injured by a golf ball driven by the defendant, without warning. The jury awarded him a substantial verdict. The question presented by this appeal involves the defendant's legal responsibility for the damages sustained by the plaintiff as the result of his injuries.

The accident happened upon the links of the Pocatello Country Club, at Middletown, N. Y., on the 16th day of August, 1931. The fifth and the sixth fairways lie parallel and extend in a northerly and southerly direction. The fifth fairway comes uphill from the north, and the sixth, lying immediately to the west, is played from the south to the north, from a tee very close to and immediately to the west of the fifth green.

Defendant was one of three players who had holed out on the fifth green and taken their positions on the sixth tee. The plaintiff was a caddy for one of a twosome following immediately behind. While the twosome holed out on the fifth green, the threesome waited because of the danger in driving while the fifth green was occupied. Thereupon the twosome approached the sixth tee and waited for the threesome to drive. In the meantime, as the jury has found on abundant proof, the plaintiff took a position on the fifth fairway a short distance north of the fifth green and close to the sixth fairway. This is the testimony of the plaintiff and two witnesses. The defendant concedes in his brief that the position was dangerous, "very open and obvious," but denies that the boy was there; he denies that the boy was within the range of his vision at all when he drove. He claims that before driving the ball he looked and that the boy was not there but walked into the line of flight after he drove. That question of fact has been decided adversely to the defendant by the jury and cannot be disturbed.

Concededly, the defendant gave no warning until the ball was

in flight toward the plaintiff. Upon hearing the warning, plaintiff turned his head and received the impact over his left eye. Plaintiff's proof is that he took the position in which he was at the time he was struck under the direction of the man for whom he was caddying. While there he watched the flight of the first and second balls driven. Defendant drove the third. He watched the second ball, and before it came to rest he heard defendant's cry of warning and was struck. When it was pointed out to him that he was watching balls for which he was not responsible, he explained that " It is my nature to watch all the rest of them." He did not see the defendant tee-up his ball. Although the question is not before us, my view is that if the plaintiff had been caddying for the defendant there would be no liability, for the reason that then it would have been the plaintiff's duty to watch the defendant drive, to watch the ball in its flight and to mark it when it came to rest. Defendant would have been justified in assuming that the plaintiff was doing that for which he was being paid and, therefore, there would have been no occasion to warn him. In this case, however, the boy was not his caddy, and the defendant, even if he had admitted seeing him in the position of danger, would not have been justified in assuming that he was watching the play. We, therefore, have this infant plaintiff — a mere spectator in so far as the defendant is concerned — in a dangerous position, within range of the drive, injured by a ball driven without warning.

It must be conceded that, although golf may not be deemed a hazardous game, a driven golf ball is a very dangerous missile, and that its flight and direction cannot always be controlled by the player. That uncertainty is a part of the game. The ball when struck is liable to go on down the fairway, or fly off to the right or left at almost any angle. It was this element that made the plaintiff's position, standing on the fifth fairway and within easy range of the defendant's ball, dangerous. Accepting defendant's concession that plaintiff was in danger of being struck by the driven ball if in the position as found by the jury, the question is whether, under the circumstances, he should not have first advised him of his intention to drive by giving the recognized warning of the game by calling " fore," or have ordered him out of range. He did neither and gave no warning until the ball was in flight towards the plaintiff. My conclusion is that the jury was justified in finding that the defendant violated his duty to the plaintiff in that he did not use the care of a reasonably careful and prudent man.

The next question presenting itself for consideration is whether or not the plaintiff himself was in the exercise of reasonable care for his own safety, since any negligence upon his part contributing

to the accident bars recovery. The age of the boy is, therefore, an essential feature in determining the question of contributory negligence. The learned trial court correctly charged the jury that it was the duty of the plaintiff, for his own protection, to exercise a degree of care commensurate with his years, that is, "which an eleven year old boy ought to exercise." No exception was taken and that is the law of the case. That issue of fact was resolved by the jury in favor of the plaintiff, and should not be disturbed. Those of us who play golf know that caddies of the age of this boy are at times inattentive and oblivious to danger.

Notwithstanding the fact that golf is played by many thousands of people, there are few reported golf cases. In fact, no case decided by the courts of this State has been called to our attention, nor has independent research disclosed any. This is, indeed, indicative of almost universal compliance with the rules of the game, and evidences the care, courtesy and sportsmanship on the part of those who play the game, all of which have contributed so largely to its popularity. Scattered authorities are found in other jurisdictions, and none are in conflict with the conclusions reached in this case. (*Toohey* v. *Webster*, 97 N. J. Law, 545; *Everett* v. *Goodwin and Starmount Golf Club, Inc.*, 201 N. C. 734; *Biskup* v. *Hoffman*, 220 Mo. App. 542; *Benjamin* v. *Nernberg*, 102 Penn. Super. Ct. 471; *Stober* v. *Embry*, 243 Ky. 117.)

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ.

Judgment unanimously affirmed, with costs.