## JAMES A. WALSH
*vs.*
## FREDERICK MACHLIN

Superior Court     New Haven County     File No. 50539

MEMORANDUM FILED FEBRUARY 22, 1941.

*Albert H. Barclay,* of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

BALDWIN, J. About nine o'clock in the morning of

July 28, 1935, the plaintiff and the defendant, both of whom were experienced golfers, were partners playing golf in a foursome on number two course of the Race Brook Country Club. They were approaching the third green. Each had sliced his last shot, the defendant's ball coming to rest about one or two feet in the rough at the right of the fairway and approximately 100 feet from the green. The plaintiff's ball came to rest some 35 to 40 feet from the defendant's ball and further in the rough to the right of the fairway and somewhat nearer to the green.

The location of the balls in relation to the green was such that a line drawn from the plaintiff's ball to and through the defendant's ball would intersect a line drawn through the defendant's ball to the green at approximately a 90 degree angle.

The rough was rather thick grass and weeds approximately eight to ten inches deep and it was wet at the time from a fairly heavy dew that was present that morning.

Plaintiff had found his ball and in the search for the defendant's ball, plaintiff found the ball and called to the defendant that he had found it and defendant came to where plaintiff was standing by the ball. Some discussion was then had by them about the club defendant should use to play the shot out of the rough in which it lay. Defendant selected from his bag a number seven iron, known as a mashie niblick, and plaintiff said to him, "Now put it on the green", and then turned and walked with his caddy toward his ball, proceeding along a course which was on a line at about right angles to the line of flight that the defendant's ball would take when played to the green.

The defendant took his stance, addressed his ball and stroked it, all of which was designed, or intended, to place the ball upon the green. By some mischance, in all probability due to the rather deep and thick and wet condition of the rough, he "shanked" the ball and it took a course of about 90 degrees to the line of flight that it was intended it should take to the green. At this time plaintiff had just about reached his ball and he turned his head to look back over his left shoulder to observe the defendant when the ball hit him, severely injuring his left eye and causing a cut along the line of the eyebrow over the eye and felling him to the ground. Plaintiff received

a rather severe injury which caused pain and a loss of 30 per cent of vision to the eye that prevailed for some time. This loss of vision has been reduced to 15 per cent which from the use of glasses is further reduced to approximately seven and one-half per cent with a reasonable probability that time will develop further deterioration in the eye.

Defendant, neither before nor at the time of making the shot, called "fore" nor did he give other warning of his intention to make the shot. There was no player, caddy nor any other person between him and any portion of the green.

The foregoing includes all of the essential facts appearing upon the trial, as to which there was no dispute.

Plaintiff seeks to recover upon the basis of negligence and recklessness of the defendant in failing to give any warning of his intention to drive the ball and in the driving of the ball.

The rules of negligence apply to those participating in sports and in playing games as in the everyday affairs of life. A reasonably prudent person, playing golf, knows that a golf ball, when struck, will travel at a high rate of speed and that its line of flight is not, invariably, a straight line; it may "hook" or "slice" or take some course not expected by the player, by the result of some action in the way in which the ball was struck, and that such ball may inflict injury upon one who may be in an area of danger. When one may be in an area of danger and not aware of the intention of a player to drive his ball, the reasonably prudent player, before striking the ball, should give a warning by calling "fore", or by the giving of some other adequate warning of his intention to strike the ball.

The controlling rule bearing upon the subject is that a player upon a golf course must exercise reasonable çare in playing the game, and particularly in driving the ball. Of course, the duty to exercise reasonable care is dependent upon surrounding facts and circumstances of the given case. *Everett vs. Goodwin,* 201 N.C. 734, 738, 161 S.E. 316, 318; *Alexander vs. Wrenn,* 158 Va. 486, 164 S.E. 715. In the last case cited the plaintiff was within an angle of 33 degrees from the intended line of flight and within 59 feet of the player making the stroke. The plaintiff, with knowledge that it was the defendant's privilege to make the next stroke, thoughtlessly

advanced beyond the lie of the defendant's ball. The defendant, knowing that the plaintiff had violated the general custom, or ethics, of the game by so doing, was in friendly conversation with him as he moved forward, and made no protest thereto. He also knew that plaintiff's ball was lost; that he had gone forward to look for it; was intent upon search in plain view and with his back toward defendant who was facing him. No warning of his intention to stroke the ball was given and the plaintiff was injured. The court said (at p. 495 of vol. 158 Va.) that "under the circumstances, the jury had a right to conclude that the plaintiff was so close to the line of intended flight of the ball that danger to him should have been anticipated", and sustained the verdict for the plaintiff.

In *Povanda vs. Powers,* 152 Misc. 75, 272 N.Y.S. 619, the plaintiff, a caddy, had taken a position approximately 35 yards ahead of and about ten feet to the left of the tee from which the defendant was about to drive. The defendant was playing in a sevensome and was the last to drive from the tee. He dubbed the ball into the rough some five or six feet to the left of the tee. He then took the second shot with a driver without giving any warning and the plaintiff was injured. The court held that the negligence consisted in his failure to give a timely and adequate warning to the plaintiff, who was in the general direction of defendant's drive.

In *Simpson vs. Fiero,* 237 App. Div. 62, 260 N.Y.S. 323, the plaintiff, a caddy for one of a twosome which was following a threesome, was injured. The threesome had holed out on the fifth green and proceeded to the sixth tee. They waited their drives from the sixth tee while the twosome was on the fifth green because of danger in driving while that tee was occupied. The twosome, after completing play on the fifth green, proceeded to the sixth tee and waited for the threesome to drive. The plaintiff had taken a position on the fifth fairway close to the sixth fairway, to which it lay parallel, and he was a short distance from the fifth green, which was opposite to the sixth tee, and he was "obviously" in a position of danger. No warning of the defendant's drive was given until after the ball was in flight. He watched the first and second ball driven but did not observe the third ball. As a warning cry was given while the ball was in flight, he turned his head and was struck in the eye. The plaintiff was held entitled to recover.

In *Toohey vs. Webster,* 97 N.J.L. 545, 117 Atl. 838, 23 A.L.R. 440, the plaintiff, a caddy for a player, who with other players had just holed out on a green, handed his player a driver. The defendant had sliced his ball into the rough, and to approach the green he was playing, he attempted to drive over the green which the plaintiff and players were just leaving. The plaintiff was only four or five feet from a direct line of flight that defendant's ball was intended to take. Plaintiff was hit in the eye and injured. There was conflict in the evidence whether adequate warning had been given. There was held to be a question of fact for the jury and a verdict for the plaintiff was sustained.

In *Biskup vs. Hoffman,* 220 Mo. App. 542, 287 S.W. 865, plaintiff, a caddy, was, with his player, proceeding ahead of the defendant, whose drive was quite some distance shorter than that of the player with whom the caddy was. They were proceeding along near the edge of the fairway, while the defendant's ball was at the middle of the fairway. The defendant drove his ball, the plaintiff being approximately 75 feet ahead and somewhat to the left. The ball was hooked and while in flight a warning was given and plaintiff turned his head and was struck in the eye. It was held that no adequate warning was given and that the plaintiff was entitled to recover.

It is to be observed that in the cases cited the plaintiffs were each near to the line of flight intended by the player. They were therefore in an area of danger and no adequate warning was given in any case. In the instant case the plaintiff was not near the line of flight intended by the defendant. While only approximately 35 feet away from the defendant, plaintiff was away on a line at approximately right angles to the line of flight intended. This position cannot be said to have been in an area of danger, and since there was no one near the line of flight it was intended the ball should take, and hence no one in that area that reasonably could be considered an area of danger, there was no occasion to give warning of intention to stroke the ball.

Attention should also be called to the fact that plaintiff had found the defendant's ball and after defendant had selected the iron to be used in making the shot, plaintiff said "Now put it on the green", and turned and walked away on a line at right angles to the line of flight intended. He therefore knew that the shot was about to be made, and the giving of any

warning under the circumstances would not have apprised him of anything he was not already aware of.

There was no evidence of recklessness, negligence or carelessness in the manner of making the shot. The injury was the result of an accident which no reasonably prudent player could foresee or be held liable for.

Judgment may therefore enter for the defendant.