[No. 31612. Department Two. August 23, 1951.]

GENE BERRY, *a Minor, by Lloyd M. Berry, his Guardian ad Litem, Appellant,* v. DAVID HOWE *et al., Respondents.*[1]

[1]Reported in 235 P. (2d) 170.

*Bogle, Bogle & Gates, Thomas L. Morrow,* and *J. Tyler Hull,* for appellant.

*Preston, Thorgrimson & Horowitz,* for respondents.

MALLERY, J.—This action was brought by the guardian of Gene Berry, a minor eleven years of age, to recover for injuries to his left eye, which was hit by a golf ball driven by the defendant, David Howe.

The first trial of this action was to a jury, which found for the defendant. The plaintiff appealed and secured a new trial because of erroneous instructions given to the jury. See *Berry v. Howe,* 34 Wn. (2d) 403, 208 P. (2d) 1174. The case was then retried to the court, and from a judgment of dismissal, the plaintiff appeals.

On August 18, 1946, appellant was of the age of eleven years, and for about two years had been a caddy at the Glendale Golf Course in Seattle. On that date, the respondent was one of a foursome engaged in a golf game. Appellant was employed by one of the other members. They had finished the eighth hole of the course and proceeded to the ninth tee, which is "blind," the green and most of the fairway not being visible from the tee due to the ground rising in the first part of the fairway, and thereafter veering to the right. It is sometimes called a "dog-leg." Because of the peculiar characteristics of this hole, it is customary for the caddies to proceed to the crest of the fairway and station themselves on the right-hand side thereof, so that they can signal the players that other players ahead are out of range, and also be able to follow the flight of the players' golf balls. Thus, at the time the players drive from the tee, the caddies are about one hundred twenty yards distant. There is a water tap on the fairway, where the caddies station themselves and at which they drink upon occasion.

On the day in question, the caddies arrived at this water tap at the joint of the dog-leg before the first of the four-

some teed off on that hole. They got down on their hands and knees to get a drink. The caddy with appellant was attacked with a nosebleed, and appellant assisted in scooping up water from the faucet to stop the flow of blood. Their view of the ninth tee was unobstructed, as was the respondent's view of the caddies. Two of the foursome teed off. When the respondent teed off, he did not call "fore," but the appellant's companions, seeing the slice the ball had taken, called out in alarm and appellant raised his head just in time to be struck in the eye by the bouncing ball.

These facts do not differ enough from those proved on the first trial to make different rules of law applicable to them. Hence, the rules laid down in the first appeal are controlling here. Those brought again in question in the instant case may be thus summarized: Both the player and the caddy must foresee the danger of being hit with a ball and must exercise reasonable care to avoid injury; if the player knows or under the circumstances ought to know that the caddy is unaware of his intention to drive, it is his duty to warn him; he is not an insurer, nor is he negligent because his ball may not go where he intended it to. The negligence of the respondent and the contributory negligence of the appellant were both held to be questions of fact for the jury.

The trial court found, in the instant trial, that the respondent ought to have known that the appellant was not attentive to the players on the tee and was negligent in not calling "fore" before he drove off. With this finding, appellant naturally has no quarrel.

The court also found that the appellant was guilty of contributory negligence in not giving at least intermittent observation to the players on the tee, so as to protect himself from harm. This finding was predicated upon the fact that, of the four players to tee off consecutively, two had preceded the respondent and the click of their clubs against the balls could be easily heard from where the appellant was

located. The court, finding both parties to be negligent, dismissed the action.

As to the appellant's contributory negligence, our chief difficulty concerns the age of the appellant. Were he an adult, his contributory negligence would be scarcely debatable. On the other hand, a boy of appellant's age and experience presents a question of fact as to his capacity for contributory negligence. The opportunity of the trial court to observe the appellant on the witness stand was of considerable aid in judging his intelligence and his mental age. We are, therefore, peculiarly dependent upon the trial court's judgment as to this and are not prepared to say that the court was in error in finding that the appellant was capable and guilty of contributory negligence. His experience as a caddy and his opportunity to hear the first two golfers tee off, furnishes a basis for the court's finding that he should have been expecting respondent to do likewise shortly, and that he had a duty to give his attention to the situation for his own protection.

Accordingly, we affirm the judgment of the trial court.

The appellant contends that the court erred in finding that he failed to exercise reasonable care for his own safety by failing to give intermittent attention to the play on the ninth tee. It is his position that the record shows that he did give intermittent attention. There being no element of concealment or surprise present and the situation being open and apparent, this contention is inconsistent with his claim that respondent's failure to cry "fore" was the *sole* cause of the injury.

Appellant contends that there was no evidence that he could and should have heard the previous drives from the ninth tee. The record is otherwise. His own answer to the question, "Isn't that sound easily perceptible at that distance?" was "Yes, I guess it would be."

The appellant contends that caddies are customarily warned by a cry of "fore" on the ninth hole at Glendale, and that they rely on such a warning being given; that it was negligence for the respondent not to cry "fore" before

teeing off; and that the appellant was not negligent in not anticipating respondent's negligence. He invokes the general rule that one has the right to presume that other people will perform their duty and obey the law. From this, he concludes that he had no duty of care prior to being warned and, hence, was not guilty of contributory negligence. The rule he invokes, however, has the qualification that it is inapplicable where one is aware or ought to be aware of the negligence of another which is the source of peril.

In this case, respondent's drive was not unexpected. Indeed the caddies took their positions for the express purpose of watching it. The drives of the first two players warned or should have warned appellant that the other two of the foursome would tee off shortly. As was said in our former opinion in this case,

"The caddy employed by respondent had the duty to so place himself that he could observe where the ball driven by respondent finally landed so he could locate it, and also had the duty to exercise reasonable care for his own safety if the driven ball deflected from its intended course and became dangerous to him."

Appellant cites *Povanda v. Powers*, 152 Misc. 75, 272 N. Y. S. 619. In that case, the seven players had made their tee shots, and plaintiff, a caddy, was looking for his employer's ball. While he was so engaged, defendant, without warning, drove a second shot which struck plaintiff.

In that case, the court held that the rule appellant invokes applied because the qualification of it, hereinbefore mentioned, was absent. Here the rule does not apply because the qualification is present.

The appellant contends that there is no practical difference between a gunshot and a hard-driven golf ball so far as the hazard created is concerned, and that the magnitude of such a risk is so great that the respondent was guilty of gross negligence and had a duty of prevision not far from that of an insurer.

240

The decisions do not agree with him that a golf course and a rifle range are comparable in the hazard presented or that the players are insurers.

■ Appellant contends that respondent had a last clear chance to avoid the injury. This is predicated upon the theory that respondent knew or should have known that the appellant was in a position of peril and that he could have avoided the injury by crying "fore."

We hold that appellant was not in a position of inherent peril. It was not comparable with that of persons upon railroad tracks or highways where certain injury must occur, unless the other person exercises his last clear chance to change his existing course of action to avoid an injury otherwise inevitable.

■ The trial court found the respondent guilty of negligence. We agree. It found the eleven-year-old appellant guilty of contributory negligence. We accept the court's judgment of his mental capacity. Hence, we are not prepared to overturn the finding, because the injury would not have occurred but for appellant's inattention to events he knew were about to transpire, and which he had a duty to watch. An eleven-year-old boy is maimed for life. But for respondent's negligence the accident would not have happened. Appellant is without a remedy, because we are bound by the all or nothing rule of the contributory negligence doctrine, under which only the wholly righteous can recover.

The judgment is affirmed.

GRADY, HAMLEY, and WEAVER, JJ., concur.

SCHWELLENBACH, C. J., concurs in the result.