### Dorothy Hampson, Appellee, v. Aaron Simon, Appellant.

### Gen. No. 45,617.

■ Opinion filed February 25, 1952. Released for publication March 10, 1952.

Bernard Kurlan, of Chicago, for appellant.

Hubbard, Hubbard & Dorgan, of Chicago, for appellee.

Mr. Justice Niemeyer delivered the opinion of the court.

Defendant appeals from a judgment entered in an action for personal injuries sustained by plaintiff while playing golf at the Billy Caldwell Golf Course. The jury returned a verdict for $7,500, and by its answer to a special interrogatory found defendant guilty of wilful, wanton and malicious conduct. A remittitur of $2,500 was entered and judgment rendered for $5,000.

The Billy Caldwell Golf Course is a public-fee course. The accident occurred on Saturday, September 13, 1947. The course was crowded. Plaintiff and her companion Kathryn Storm were members of a foursome in which Janet Kropp, a witness, and Irma Finch were the other players. They were playing the number 3 hole. Defendant was playing his second game of golf. He and his friend Leonard Nieder were joined with two others, whose names are unknown, to make a foursome. They were playing the number 2 hole. According to a plat in evidence the number 2 fairway runs approximately northeast 121 yards from the tee, and then in a more easterly direction 200 yards to the green. The number 3 tee is almost directly east of the number 2 green. The third fairway runs in a southwesterly direction to the green, a distance of 271 yards. It practically parallels the number 2 fairway for the last 200 yards of that fairway. To the right of the number 2 fairway, practically at the point where it changes direction, there is a triangular clump of trees. According to plaintiff's witnesses she was in the center of the third fairway and was preparing to make a shot, or had just finished shooting, when struck by a

583

golf ball. No one testifies to the direction from which the ball came. Connection of defendant with the injury is based upon the testimony of plaintiff's witnesses that while plaintiff was lying on the ground after being struck with a ball, the defendant said his ball had hit plaintiff and that he was sorry. This testimony is contradicted by the defendant and Nieder. Kathryn Storm testified that defendant was in front of plaintiff; he could have been playing the second hole; he was slightly to the right of the clump of trees—to the west of the trees; that prior to the accident she saw two men standing there but did not know for certain whether one was the defendant. Janet Kropp says that defendant came up and said he shot the ball and that he was off of his fairway; that the width of the fairway is 50 yards, and she and plaintiff were practically in the middle of the fairway; that a gentleman up ahead came running back and said he had shot the ball. Defendant and his witness, Nieder, deny that defendant said that he had shot the ball or hit plaintiff. Their testimony is that defendant's first and second shots from the second tee were in the second fairway; that after taking the second shot they saw the people gathering around plaintiff and went over and offered assistance.

██ ██ In the view we take of this evidence, the conflict in the testimony is immaterial. Conceding that defendant said that he had hit plaintiff with a ball shot by him, there is no evidence in the record of the circumstances under which defendant made the shot, whether he was in the second or third fairway when he made it, and if on the third fairway, in what place on the fairway. No presumption of negligence arises from the mere fact that a player on a golf course is hit by a ball driven by another player. There being no evidence of negligence, there cannot be any evidence supporting the finding of the jury in its answer to the

special interrogatory. Plaintiff cites a number of cases in which a golf player has been held liable for injury to another player, but the facts in such cases are not analogous to the facts before us. In *Everett v. Goodwin,* 201 N. C. 734, on which plaintiff principally relies, the defendant was in a threesome following a twosome of which plaintiff was a member, playing the same hole. Plaintiff was plainly visible to defendant and only a short distance in front of him. No cry of "fore" or other warning was given.

There being no evidence tending to establish negligence or wilful or wanton conduct, the court should have granted defendant's motions for directed verdicts at the close of plaintiff's testimony and of all the evidence, or should have entered judgment for defendant notwithstanding the verdict. The judgment is reversed.

*Reversed.*

BURKE, P. J. and FRIEND, J., concur.