**William V. BOYNTON, Jr., Appellant,**

v.

**Gordon G. RYAN.**

**No. 12566.**

United States Court of Appeals Third Circuit.

Argued June 3, 1958.

Decided July 1, 1958.

Robert W. Sayre, Philadelphia, Pa. (Arthur R. G. Solmssen, Saul, Ewing, Remick & Saul, Philadelphia, Pa., on the brief), for appellant.

Henry T. Reath, Philadelphia, Pa. (James J. McCabe, Jr., Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment following a directed verdict for the defendant in a personal injury case. Federal jurisdiction is based solely on diversity.

The incident out of which the action arose occurred on May 1, 1955, when a golf ball driven by the defendant struck the plaintiff so severely that the loss of an eye resulted.

The plaintiff and a companion were playing golf at the Valley Forge Golf Club, Valley Forge, Pennsylvania. They drove off the seventh tee. Plaintiff's companion sliced to the right. Plaintiff's drive went to the left and traveled between 100 and 150 yards. The two were proceeding down the center of the fairway when a threesome, which was following them, approached the seventh tee. A member of the threesome was the defendant, Ryan. Since the plaintiff and his companion each had to go looking for his ball, the plaintiff made the customary signal to wave the threesome through. Thereupon, the plaintiff walked to the extreme left side of the hole and placed himself behind a small tree or two where the foliage partially cut off his view to the tee. The defendant, in turn, could only see portions of the plaintiff's body because his view was interfered with by the tree behind which the plaintiff was standing. The defendant drove. His ball hit the plaintiff. This lawsuit followed.

Pennsylvania law, of course, governs. The trial judge directed the verdict on the basis of the plaintiff's contributory negligence. His conclusion in that regard is backed by a statement by Mr. Justice Bell in Getz v. Freed, 1954, 377 Pa. 480, 105 A.2d 102, 103.[1] Whether everything said by the court in that case is to be taken literally is a question which we do not have to examine closely here. We think, regardless of this statement however, there is good sense in the trial judge's conclusion that a player who has waved another to go through shows lamentable lack of care for his own safety if he puts himself in a position where he cannot take precautions against being hit. See Berry v. Howe, 1951, 39 Wash. 2d 235, 235 P.2d 170; cf. Miller v. Rollings, Fla.1951, 56 So.2d 137. See, generally, 2 Restatement, Torts § 466 and com. c (1934).

Even stronger, it seems to us, is the fact that this plaintiff went into a game where, unless one has a private golf course of one's own, there is always danger of being hit by a stray ball. Even the best of golfers is sometimes painfully surprised to see a hoped for straight shot slice into the woods. Or vice versa, a hook may land the ball in the rough on the left side of the fairway. Plaintiff knew all this, of course; every golfer does. And plaintiff had been a golfer for ten years. His situation is not unlike that of a spectator who sits in the bleachers at a baseball game and is hit by a foul ball. The risk of being so hit, with a chance to catch the foul and keep the ball, is one of the exciting thrills of attendance at the game. The fan cannot recover if the ball hits him instead of his catching it. See Schentzel v. Philadel-

---

1. "While few players know all the rules of golf, there are three rules and customs which all golfers know: (1) It is the duty of every player to give timely and adequate warning—usually by the word 'fore'—of a shot which he is about to make and which he has reasonable grounds to believe may strike another player, caddy or spectator, either on the same hole or on a different hole—see Brusis v. Henkels, 376 Pa. 226, 230, 102 A.2d 146; (2) *a player assumes the risk or is guilty of contributory negligence and want of due care if he intentionally or carelessly walks ahead of or stands within the orbit of the shot of a person playing behind him;* and (3) it is negligence for a player to drive, without warning, another ball when his prior drive is on the fairway or apparently within bounds." (Emphasis added.)

phia National League Club, 1953, 173 Pa. Super. 179, 96 A.2d 181; Hoke v. Lykens School Dist., C.P.1948, 60 Dauph.Co. 226, 69 Pa.Dist. & Co.R. 422.[2] We think the same principle applies to participants or spectators in every form of sport where some danger of physical injury is involved.[3]

■ It is true, nevertheless, that there is not a complete absence of a duty towards these individuals. The proprietor of a ball park must supply an adequate number of protected stands (See Annotation, 1943, 142 A.L.R. 868, 869–871; Schentzel v. Philadelphia National League Club, 173 Pa.Super. at page 184, 96 A.2d at page 184) and make reasonable efforts to provide for the safety of the fans who take advantage thereof. Edling v. Kansas City Baseball & Exhibition Co., 1914, 181 Mo.App. 327, 168 S.W. 908; Schentzel v. Philadelphia National League Club, 173 Pa.Super. at page 185, 96 A.2d at pages 184–185. So, too, must the golf player take some precautions to avert injury to others lawfully on the links. On numerous occasions a golfer has been found liable for the harm done by his ball because of his failure to warn another who, it should have been realized, was situated in a possible path of an *impending* shot of which he was unaware. See Getz v. Freed, supra (golfer); Alexander v. Wrenn, 1932, 158 Va. 486, 164 S.E. 715 (golfer); Everett v. Goodwin, 1931, 201 N.C. 734, 161 S.E. 316 (golfer); Brosko v. Hetherington, Del.Co.C.P.1931, 16 Pa.Dist. & Co.R. 761 (caddy); Toohey v. Webster, E. & A.1922, 97 N.J.L.

545, 117 A. 838, 23 A.L.R. 440 (caddy); Povanda v. Powers, Sup.Ct.1934, 152 Misc. 75, 272 N.Y.S. 619 (caddy); Biskup v. Hoffman, 1926, 220 Mo.App. 542, 287 S.W. 865 (caddy); cf. Page v. Unterreiner, Mo.App.1937, 106 S.W.2d 528 (caddy); Berry v. Howe, supra (caddy).[4]

■ On the facts before us, however, a warning would have been superfluous. The plaintiff knew the shot was coming. He had invited the threesome to come through and even stepped aside to give the defendant a clear fairway upon which to drive. There was no duty to warn in this instance. See Walsh v. Machlin, 1941, 128 Conn. 412, 23 A.2d 156, 138 A.L.R. 538 (golfer); Stober v. Embry, 1932, 243 Ky. 117, 47 S.W.2d 921 (caddy); Johnston v. Blanchard, 1st Dept.1949, 276 App.Div. 839, 93 N.Y.S. 2d 338 (golfer) (dissenting opinion of Justice Van Voorhis).

■ The plaintiff, recognizing the weakness of his case on this point, has suggested a second duty to which the defendant might be subjected. His expert said that if a person strikes a golf ball and is able to see that the ball is traveling toward another person "under the unwritten rules of golf and the common courtesy observed by most golfers" the player driving should have shouted "fore." Plaintiff argues that this testimony was something which the jury should have been allowed to consider on the question of negligence. We think it pretty weak. Does the failure to observe "an unwritten rule" or "the courtesy of

2. The baseball cases are collected in Annotation 1943, 142 A.L.R. 868.

3. For cases involved with the liability for injuries to spectators at indoor sports events, particularly ice hockey, arising out of the hazards incident thereto, see Annotation, 1944, 149 A.L.R. 1174; at race tracks, see Annotation, 1954, 37 A.L.R.2d 391. See also the dictum in Douglas v. Converse, 1915, 248 Pa. 232, 93 A. 955. For the various duties owed participants, see, e. g., Annotations, 1949, 7 A.L.R.2d 704 (generally); 1942, 138 A.L.R. 541 (golf); 1947, 168 A.L.R. 896 (skating).

4. With the above, compare those cases in which there was no duty to warn a participant or caddy on an adjoining fairway; Benjamin v. Nernberg, 1931, 102 Pa.Super. 471, 157 A. 10 (golfer); Houston v. Escott, D.C.Del.1949, 85 F.Supp. 59 (golfer) (applying Pennsylvania law); Hampson v. Simon, 1952, 345 Ill.App. 582, 104 N.E.2d 112 (golfer); Trauman v. City of New York, Sup.Ct.1955, 208 Misc. 252, 143 N.Y.S.2d 467 (golfer); Miller v. Rollings, Fla.1951, 56 So.2d 137 (caddy).

golfers" constitute the failure to exercise due care even though the person complaining is one who knows that the golf ball is about to come somewhere in his general direction? We think not. We think that this does not constitute an issue on negligence to be submitted to the trier of the fact. Further, we do not see any connection between a duty to shout "fore" after the shot and the prevention of the plaintiff's injury. Golf balls travel at great speeds and can change directions suddenly. We have no showing that from the time it became apparent, if it ever did, that plaintiff was in danger of being hit, the defendant's warning, if he had a duty to give warning, would have made any difference. In the reported instances where the belated call has been given, the target has only had time to turn a more vital organ toward the flight of the ball. See, e. g., Biskup v. Hoffman, supra; Berry v. Howe, supra.

The conclusion is that there is no basis for holding the defendant liable for this unfortunate accident. The judgment of the district court will be affirmed.